FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JEANETTE O.,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

No. 1:18-cv-03241-SAB

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 and 12. The motions were heard without oral argument. For the reasons set forth below, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

## BACKGROUND

On May 8, 2015, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning May 1, 2015. The claim was denied initially on July 21, 2015, and upon reconsideration on October 12, 2015. Plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ).

Plaintiff appeared before an ALJ on June 9, 2017, in Yakima, Washington. Also present at the hearing was Plaintiff's attorney and Kimberly Mullinax, an impartial vocational expert. The ALJ issued an unfavorable decision on December

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 1**

28, 2017. AR 22. The Appeals Council denied Plaintiff's request for review on November 6, 2018. AR 1.

Plaintiff filed a timely appeal to the United States District Court for the Eastern District of Washington on December 27, 2018. ECF No. 1. This matter is before this Court under 42 U.S.C. § 1383(c)(3).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person meets the definition of disabled under the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

At step one, the ALJ must determine whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 404.1572. If the individual is engaged in substantial gainful activity, he or she is not disabled. 20 C.F.R. § 404.1571. If not, the ALJ proceeds to step two.

At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 2**

activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he or she is not disabled. If the ALJ finds the claimant does have a severe impairment or combination of impairments, the ALJ proceeds to step three.

At step three, the ALJ must determine whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525; 20 C.F.R. § 404. Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. If not, the ALJ proceeds to the fourth step.

Before considering step four, the ALJ must determine the claimant's "residual functional capacity." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ must consider all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3).

At step four, the ALJ must determine whether the claimant's residual functioning capacity enables the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant can still perform past relevant work, he or she is not disabled. If the ALJ finds the claimant cannot perform past relevant work, the analysis proceeds to the fifth step.

At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other work; and (2) such work exists in

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 3**

significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

## STATEMENT OF FACTS

The Court does not restate the facts of this case as they are presented in the administrative transcript, the ALJ's decision, and the briefs to this Court.

## THE ALJ'S FINDINGS

**At step one**, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 8, 2015. AR 28.

**At step two**, the ALJ found Plaintiff had the following severe impairments: osteoarthritis of the bilateral knees, status-post right knee meniscectomy and left knee replacement; degenerative joint disease of the bilateral hips; osteoarthritis of the bilateral shoulders; obesity; degenerative disc disease vs. lumbar spondylosis; SI joint dysfunction; asthma; bilateral distal great saphenous vein (GSV) incompetence; and headaches. AR 28.

**At step three**, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any of the listed impairments in the Listings. AR 31.

Before reaching step four, the ALJ found Plaintiff had the Residual Functional Capacity (RFC):

> To perform sedentary work as defined in 20 C.F.R. § 416.967(a). [Plaintiff] can occasionally reach overhead. [Plaintiff] can frequently reach below-the-shoulder level. [Plaintiff] can frequently push/pull with the upper extremities. [Plaintiff] cannot climb, balance, stoop, kneel, crouch, and crawl. [Plaintiff] should avoid concentrated exposure to vibrations and pulmonary irritants. [Plaintiff] should avoid moderate exposure to hazards (i.e., working around heights and moving machinery).

AR 31-32.

**At step four**, the ALJ found Plaintiff was able to perform past relevant work as a customer service representative. AR 39.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 4

As a result, the ALJ found Plaintiff was not under a disability, as defined in the Social Security Act.

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's finding are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla,' *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The burden of showing an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 5**

# ISSUES FOR REVIEW

(1) Whether the ALJ properly weighed the medical opinion evidence?

(2) Whether the ALJ properly assessed Plaintiff's subjective symptom testimony?

(3) Whether the ALJ properly considered Plaintiff's migraines in determining her RFC and ability to return to past relevant work?

(4) Whether the ALJ properly assessed the Listings?

# DISCUSSION

## (1) The ALJ Properly Assessed the Medical Opinion Evidence.

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for " 'specific and legitimate reasons' supported by substantial evidence in the record." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2s 499, 502 (9th Cir. 1983). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff argues the ALJ failed to properly weigh the medical opinions of Jennifer Williams, PA, David Shoemaker, M.D., and Greg Saue, M.D.

## A. Jennifer Williams, PA.

In April 2015, physician's assistant Jennifer Williams completed a Physical Function Evaluation report. AR 512 – 16. Ms. Williams opined that Plaintiff's back, knee, and shoulder pain resulted in very significant interference with

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 6**

Plaintiff's ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 513. Ms. Williams concluded that Plaintiff was severely limited, such that Plaintiff is unable to meet the demands of sedentary work. AR 514.

As a physician's assistant, Ms. Williams is considered an "other source," under the operative social security regulations. [1] 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an "other source" generally receives less weight than an acceptable medical source. *Molina*, 674 F.3d at 1111. An ALJ is obligated to provide germane reasons[2] for discounting "other source" testimony. *Id.* (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

---

[1] The regulations now recognize physician assistants as acceptable medical sources for claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1502(a)(8), 416.902(a)(8).

[2] Plaintiff contends Jennifer Williams' opinion is entitled to the deference given to a treating source opinion because it was co-signed by a physician. In *Gomez v. Chater*, the Ninth Circuit Court of Appeals held that under 20 C.F.R. § 416.913(a)(6), "a nurse practitioner working in conjunction with a physician constitutes an acceptable medical source, while a nurse practitioner working on his or her own does not." 74 F.3d 967, 971 (9th Cir. 1996), *superseded by regulation on other grounds as stated in Boyd v. Colvin*, No. 11-36035, 524 Fed.Appx. 334 (9th Cir. 2013). 20 C.F.R. § 416.913(a)(6) has since been repealed, and it is unclear whether *Gomez* remains good law. *See*, *e.g.*, *Molina*, 674 F.3d at 1111 (declining to address whether *Gomez* remains good law but affirming the ALJ's decision not to consider the opinion of a physician's assistant as an acceptable medical source when "the record [did] not show that she worked under a physician's close supervision."). Nonetheless, the mere fact that Jennifer Williams' opinion was co-signed by an acceptable medical source does not, by itself, transform it into a treating source opinion. *Curtis B. v. Comm'r of Soc. Sec.*, 2018 WL 4735624, at *3

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 7**

The ALJ gave little weight to Ms. Williams' opinion for several reasons. First, the ALJ found the opinion to be inconsistent with the fact that, shortly after the opinion was rendered, Plaintiff became a foster parent. AR 38. The ALJ noted that to become a foster parent in Washington, one must demonstrate the he or she possesses the "understanding, ability, physical health, emotional stability and personality suited to meet the physical mental, emotional, cultural, and social needs of children under your care." *Id*. (citing WAC § 388-148-1365, *recodified* WAC § 110-148-1365). At the hearing, the vocational expert opined that a foster parent is consistent with medium exertional work – which is inconsistent with Ms. Williams' opinion that Plaintiff is unable to meet the demands of sedentary work.

Second, the ALJ found Ms. Williams' opinion was inconsistent with her own examination findings which show Plaintiff retains a normal gait. AR 1011.

Third, the ALJ found Ms. Williams' opinion was also inconsistent with the longitudinal objective findings. For example, Plaintiff regularly appears in no acute distress during appointments, frequently displays a normal gait, good range of motion in the spine, bilateral shoulders, and other extremities, as well as intact neurological function. AR 39. The ALJ found this objective medical evidence was inconsistent with someone who is severely limited.

Fourth, the ALJ found Ms. William's opinion was inconsistent with Plaintiff's treatment history. The ALJ noted Plaintiff's condition improved after her left knee replacement surgery and rhizotomy procedure for her back. AR 39. The ALJ also explained that while Plaintiff complained of left shoulder pain in

_____

(W.D. Wash. Oct. 2, 2018). Other than a "Reviewing and Adopting Professional's Signature," AR 514, Plaintiff cites to no evidence to suggest Jennifer Williams "worked under a physician's close supervision," such that she acted as the physician's agent. *Molina*, 674 F.3d at 1111 (citing *Gomez*, 74 F3d at 971).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 8**

July 2016, her shoulder condition was essentially asymptomatic for a couple of years prior to this time. *Id*.

Finally, the ALJ noted that Ms. Williams is not an acceptable medical source and thus gave greater weight to the opinions of Dr. Saue and Dr. Shoemaker, who are both acceptable medical sources. AR 39.

The Court finds the ALJ provided germane reasons for discounting the opinion of physician's assistant Jennifer Williams. The ALJ identified specific ways in which Ms. Williams' opinion was contradicted by the evidence in the record. The ALJ is responsible for resolving conflicts in medical testimony, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), and this Court will not second-guess the ALJ's findings when they are supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Accordingly, the Court finds no error.

**B.  David Shoemaker, M.D.**

Dr. Shoemaker completed a Physical Functional Evaluation in February 2017. AR 1033 – 37. Dr. Shoemaker opined that Plaintiff's right hip pain caused moderate limitations in Plaintiff's ability to perform certain basic work-related activities. AR 1034. Dr. Shoemaker concluded that Plaintiff was limited to sedentary work. The ALJ gave significant weight to Dr. Shoemaker's opinion. AR 38.

Plaintiff claims that while the ALJ properly assigned significant weight to Dr. Shoemaker's opinion, the ALJ failed to recognize the limited scope of Dr. Shoemaker's opinion. Plaintiff argues Dr. Shoemaker's opinions are limited to Plaintiff's hip pain, and not the other impairments discussed in Ms. Williams' opinions. By failing to recognize the limited scope of Dr. Shoemaker's opinion, Plaintiff claims the ALJ improperly determined that it conflicts with the opinions of Ms. Williams. This caused the ALJ to improperly discredit Ms. Williams' opinion.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 9**

Plaintiff's claim lacks merit. As indicated above, the ALJ provided several acceptable reasons for discrediting Ms. Williams' opinion. Thus, even if the ALJ erred in concluding the two opinions were inconsistent on this point, any such error was harmless. The Court finds the ALJ properly evaluated Dr. Shoemaker's medical opinion.

**C. Greg Saue, M.D.**

In October 2015, Dr. Saue, a State agency medical consultant, opined that Plaintiff could perform sedentary work, with some postural and environmental limitations. AR 152 – 154. Dr. Saue opined that Plaintiff was limited to occasional overhead reaching bilaterally and frequent reaching in all other directions. *Id*. Dr. Saue opined that Plaintiff did not have any limitations with handling, fingering, or feeling. *Id.*

The ALJ gave significant weight to Dr. Saue's medical opinion because it was generally consistent with the opinion of Dr. Shoemaker and with the longitudinal evidence contained in the record. AR 38.

Plaintiff argues the ALJ erred in giving significant weight to Dr. Saue's opinion for two reasons. First, Plaintiff argues that as a non-examining physician, Dr. Saue's opinion was owed the least weight of any acceptable medical source. Second, Plaintiff argues the ALJ erred in giving Dr. Saue's opinion significant weight because the opinion was based only on the evidence available to Dr. Saue in late 2015. This means Dr. Saue's opinion did not consider medical evidence of Plaintiff's bilateral hip CAM-type femoral acetabular impingement, which became available in 2016; reports of increased left shoulder pain in 2016; reports of increased lumbar spine issues in 2017; and evidence of bilateral distal GSV incompetence in 2017.

The Court finds the ALJ did not err in assigning significant weight to Dr. Saue's medical opinion. The Court agrees that, generally speaking, the opinion of a treating physician, such as Dr. Shoemaker, carries more weight than that of a non-

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 10**

examining physician. *Holohan*, 246 F.3d at 1202. However, this is not a case where the ALJ assigned more weight to the opinion of a non-examining source over the opinion of a treating source. The ALJ in this case gave significant weight the opinions of both Dr. Shoemaker and Dr. Saue – not one over the other.

Additionally, the Court finds the ALJ evaluated Dr. Saue's opinion based on a reasonable interpretation of the record. The ALJ gave significant weight to Dr. Saue's opinion primarily because it was consistent with Dr. Shoemaker's 2017 opinion and the longitudinal evidence in the record. AR 38. Plaintiff attempts to offer an alternative evaluation of Dr. Saue's opinion. Where, as here, "the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2000). Accordingly, the Court finds no error.

**(2) The ALJ Properly Assessed Plaintiff's Subjective Symptom Testimony.**

Plaintiff argues the ALJ improperly discredited her testimony concerning the severity of her impairments. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' " *Id*. (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). In this analysis, the claimant is not required to show "that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of that symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor must a claimant produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 11**

severity of [his] symptoms only by offering specific, clear and convincing reasons to do so." *Id*. at 1281. This is not an easy standard to satisfy. "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin*, 278 F.3d 920, 924 (9th Cir. 2002).

At the hearing, Plaintiff testified that she cannot work because she cannot bend over, stand, or sit for any period of time due to pain. AR 96. She testified that she spends significant portions of the day lying down or in a recliner with her legs elevated. AR 103.

The ALJ found Plaintiff's medically determinable impartments could reasonably be expected to cause her alleged symptoms. AR 32. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms not credible in light of the medical evidence and other evidence in the record. *Id*.

The ALJ first discredited Plaintiff's subjective symptom claims because evidence in the record showed Plaintiff's symptoms improved with medical treatment. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). For example, after undergoing total left knee replacement in March 2014, postoperative records showed Plaintiff's knee function had improved. At an appointment on April 2, 2014, Plaintiff reported her knee pain was a 2/10 and denied any numbness or tingling. AR 791. At another appointment on July 14, 2014, Plaintiff reported having her knee pain was a 0/10. AR 795. Plaintiff also reported she felt good walking and denied any locking, popping, numbness, or tingling. *Id*. Similarly, Plaintiff denied any knee pain locking, popping, numbness, or tingling at postoperative appointments in October 2014 and March 2015. AR 799, 803. The ALJ found this evidence was inconsistent with Plaintiff's allegations of disabling knee pain. AR 33.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 12**

The ALJ also noted that after Plaintiff received a steroid injection into her right hip in January 2017, she reported complete relief of pain. AR 1038, 1052. And after receiving a right SI joint injection in May 2017, Plaintiff reported immediate pain relief. AR 1052. As for Plaintiff's back impairments, the ALJ found medical records showed improvement after surgery in November 2016. AR 34.

Plaintiff's migraine headaches also appeared to improve with treatment. For example, on November 6, 2015, and April 3, 2017, Plaintiff reported taking gabapentin for her headaches and that the medication was effective in treating her symptoms. AR 1105, 1130. Additionally, Plaintiff reported receiving Botox injections which also served to treat her headaches. AR 1130.

The Court finds the ALJ's first reason satisfies the specific, clear and convincing standard. *Smolen*, 80 F.3d at 1281. The ALJ identified numerous, specific ways in which Plaintiff's impairments improved as a result of medical treatment, and how these reported improvements were inconsistent with Plaintiff's symptom claims. The ALJ's findings are reasonable and based on substantial evidence in the record.

The ALJ also found Plaintiff's subjective symptom claims were inconsistent with her work activity as a foster parent. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). The ALJ noted that from June 2015 through April 2017, Plaintiff obtained a foster care home license through Washington state. Plaintiff and her middle son helped care for as many as seven foster children at one time, including a 16-month old baby from February 2016 through May 2017. AR 36.

At the hearing, Plaintiff testified that she received a note from her doctor in support of her application to become a foster parent, under two conditions: (1)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 13**

someone had to be around when she was caring for a foster child; and (2) she could only care for a foster child if her medications did not impair her. AR 97.

The ALJ found Plaintiff's testimony unpersuasive for several reasons. First, Plaintiff did not submit her alleged doctor's note supporting her foster care application. Thus, her testimony regarding the contents of the doctor's note were not corroborated by any evidence. In fact, contrary to Plaintiff's testimony, she asked her provider in September 2015 to write a letter stating that her medication would not impede her ability to work with foster kids. AR 869.

Second, the ALJ found Plaintiff's alleged physical limitations are inconsistent with the requirements of a foster parent in Washington. Under the Washington Administrative Code, to become a foster parent one must demonstrate that he or she possesses the "understanding, ability, physical health, emotional stability and personality suited to meet the physical, mental, emotional cultural, and social needs of children in your care." WAC § 110-148-1365.

Third, the ALJ found that while Plaintiff testified she shared foster parenting responsibilities with one of her sons, and only cared for the foster children when her son was busy, AR 96, Plaintiff later revealed that her son had a regular eight-hour job. AR 99. Thus, contrary to the caveat contained in the alleged doctor's note, Plaintiff was alone with the foster children for at least eight hours a day.

Fourth, Plaintiff testified that her son moved out of her home in December 2016. AR 99. Given that Plaintiff was providing foster care to a 16-month old baby until March 2017, the ALJ reasonably inferred that Plaintiff must have been caring for the infant for several months on her own. AR 37.

Finally, at the hearing the vocational expert testified that the work of a foster parent is characterized as medium, semi-skilled work. AR 108-09. Thus, the ALJ found Plaintiff had the physical and/or mental capability to meet the demands of this level of work. AR 38.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 14**

The Court finds the ALJ's second reason for discrediting Plaintiff's subjective symptom claims also satisfies the specific, clear and convincing standard. *Smolen*, 80 F.3d at 1281. The ALJ identified specific inconsistencies between the severity Plaintiff's alleged symptoms and her daily activities as a foster parent. The ALJ's finding is reasonable and based on substantial evidence in the record.

The ALJ also discounted some of Plaintiff's subjective symptom claims because they were not corroborated by the objective medical evidence. *See*, *e.g.*, AR 33 ("Although [Plaintiff] has complained of disabling hip pain to providers, her allegations are out of proportion to the objective findings."). "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins*, 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(c)(2)). Given that the ALJ provided other acceptable reasons for finding Plaintiff's testimony not credible, the Court finds no error.

**(3) The ALJ Properly Considered Plaintiff's Migraines.**

Plaintiff restates her argument that the ALJ failed to properly consider her subjective symptom claims. As indicated above, the ALJ reasonably found that Plaintiff's headaches improved with medical treatment. In fact, at the hearing Plaintiff reported migraines were no longer an issue. AR 100 – 01. Thus, Court finds no error.

**(4) The ALJ Properly Assessed the Listings.**

Plaintiff contends the ALJ failed to properly assess whether her impairments meet or equal the Listings. If a claimant's impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. 20 C.F.R. § 404.1520(d).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 15**

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for a claimant's impairment to meet the listing. *Tackett*, 180 F.3d at 1100. The claimant bears the burden of proving their impairment meets or equals one of the listed impairments. *Id*. A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985)." '[An impairment] must also have the findings shown in the Listing of that impairment.' " *Id*. at 1549-50; *see also* 20 C.F.R. § 404.1525(d). To meet a listing, a claimant must show that her impairment meets "all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairments does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Plaintiff argues the ALJ failed to properly assess the Listings with respect to her edema and migraines.

**A. Listing 4.11A**

Plaintiff argues her impairments meet the medical criteria for Listing 4.11A. Listing 4.11A requires chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system, and "[e]xtensive brawny edema [] involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 4.11A.

Plaintiff cites to several pieces of evidence that suggest Plaintiff's lower extremity edema was "significant." AR 1133, 1135, 1137, 1142. Listing 4.11A, however, does not require "significant" lower extremity edema; it requires "[e]xtensive brawny edema [] involving at least two-thirds of the leg between the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 16**

ankle and knee or the distal one-third of the lower extremity between the ankle and hip." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 4.11A. Thus, even if the ALJ erred in failing to address Listing 4.11A, Plaintiff does not show that her impairments meet "all of the specified medical criteria" of this listing. *Sullivan v.*, 493 U.S. at 530. Accordingly, any such error is harmless. *Molina*, 674 F.3d at 1111.

**B. Listing 11.02B**

Plaintiff also argues her migraines meet Listing 11.02B. The Court disagrees. The ALJ found Plaintiff's headaches do not medically equal the Listing because they have been responsive to treatment. AR 31. For example, on November 6, 2015, and April 3, 2017, Plaintiff reported taking gabapentin for her headaches and that the medication was effective in treating her symptoms. AR 1105, 1130. Plaintiff also reported taking Botox injections which also served to treat her headaches. AR 1130. The ALJ's determination was reasonable and based on substantial evidence. Accordingly, the Court finds no error.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

3. The Decision of the Commissioner is **AFFIRMED**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and close the file

**DATED** this 9th day of August 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 17**